IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:05CV217
(1:95CR132)

| | | |
|---|---|---|
| MICHAEL LEROY DARITY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | **ORDER OF DISMISSAL** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside, or correct judgment pursuant to 28 U.S.C. § 2255. Because the Court determines this is a successive petition and it has no jurisdiction to consider same, it is dismissed.

This case's procedural history is succinctly detailed in the Petitioner's motion and will not be further recited here. ***See*, Motion filed May 23, 2005, at 2-3.** The Petitioner alleges in this motion that the mandatory Sentencing Guidelines were "unconstitutionally applied" to him in that the Court imposed enhancements to his sentence in violation of the Fifth and Sixth Amendments. ***Id*., at 6.** He also states that the Supreme Court's decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), require the Court to address the issues presented in his current § 2255 motion.

> As amended by the AEDPA [Antiterrorism and Effective Death Penalty Act], § 2255 bars successive applications unless they contain claims relying on
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

> evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> . . .
>
> In addition to enacting the substantive standards we have just described, the AEDPA modified the procedures governing successive collateral review applications. As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.
>
> . . .
>
> In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.

**United States v. Winestock**, 340 F.3d 200, 204-05 (4th Cir. 2003). "The ultimate question here is whether [Petitioner's] motion for [relief] should [be] treated as a successive collateral review application." **Id., at 203.**

Even if this Court were to entertain Petitioner's motion, it would be to no avail. In *Blakely*, the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi* because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range. However, *Blakely* does not apply retroactively to convictions that were final at the time it was decided. **United States v. Price, ____ F.3d ____, 2005 WL 53561 (10th Cir. 2005); *Varela v. United States*, ____ F.3d ____, 2005 WL 367095 (11th Cir. 2005); *Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9th Cir. 2005); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005); *United States v. Marshall*, 117 Fed. Appx. 269, 270 (4th Cir. 2004).**

As for *Apprendi,* the Supreme Court there held that other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. However, the Fourth Circuit has

held that *Apprendi* may not be applied retroactively to cases on collateral review. **San-Miguel v. Dove**, 291 F.3d 257 (4th Cir. 2002).[1] Such is the case here.

As previously noted, the Petitioner has already filed one motion pursuant to § 2255. The undersigned has no jurisdiction to entertain a second one unless it has been certified "by a panel of the appropriate court of appeals[.]" **28 U.S.C. § 2255.** Thus, if this motion is a successive petition, it must be presented in the first instance to the Fourth Circuit. **Winestock, *supra*, at 205.** As a result, the undersigned has no jurisdiction to entertain any of the claims presented.

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion is a successive motion pursuant to 28 U.S.C. § 2255 and is hereby **DISMISSED** for lack of jurisdiction.

---

[1] Even though the Petitioner does not argue that his case is affected by the recent Supreme Court decision in *United States v. Booker*, 125 S. Ct. 738 (2005), every circuit court which has addressed the issue of whether or not the ruling in *Booker* is retroactive to cases on collateral review has determined that it is not. ***See, Green, supra*; McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).**

**Signed: June 8, 2005**

Lacy H. Thornburg
United States District Judge